**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ALEJANDRO CRUZ-DIAZ; MARINIA GABRIELA CRUZ-DIAZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72695 <br><br> Agency Nos.      A079-638-296 <br>                   A079-638-297 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:      BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Javier Alejandro Cruz-Diaz and Marinia Gabriela Cruz-Diaz, natives and

citizens of Honduras, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review findings of fact for substantial evidence and questions of law de novo." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of petitioners' asylum applications. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181 (9th Cir. 2008); *Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir. 2007). Accordingly, we deny the petition as to their asylum claims.

Petitioners' claims for withholding of removal also fail, because substantial evidence supports the determinations that Javier did not suffer past persecution, *see Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995), and that the harm Marinia suffered was not on account of a protected ground, *see Ochave v. INS*, 254 F.3d 859, 865–67 (9th Cir. 2001); and the evidence does not compel the conclusion that either petitioner faces a clear probability of future persecution on account of a protected ground, s*ee Barrios v. Holder*, 581 F.3d 849, 855–56 (9th Cir. 2009) (rejecting a petitioner's asylum claim where he "failed to present evidence that he was politically or ideologically opposed to the ideals espoused by the gang that

recruited him (or to gangs in general), or that the gang imputed to him any particular political belief"); *Ramos-Lopez v. Holder*, 563 F.3d 855, 860–62 (9th Cir. 2009) (rejecting, as a particular social group, "young Honduran men who have been recruited by [a gang], but who refuse to join"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742–43 (9th Cir. 2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear.").

Finally, substantial evidence supports the agency's determination that petitioners failed to establish that it is more likely than not they will be tortured by or with the acquiescence of government officials if returned to Honduras. *See Santos-Lemus*, 542 F.3d at 747–48. We therefore deny the petition as to their CAT claims.

**PETITION FOR REVIEW DENIED.**